## JAMES ENGLAND v. ROSS HALL.

Springfield Court of Appeals, December 6, 1922.

1. **APPELLATE PRACTICE: Admission of Testimony Held Harmless.** In an action for the purchase price of a monument, where the sole issue was whether the monument actually delivered conformed to that which both plaintiff and defendant admit was the character of the one shown when the contract of purchase was made, the admission of defendant's evidence that plaintiff represented to her that the monument would be of such character, if erroneous, was harmless.

2. ———: **Findings on Sufficient Evidence Not Disturbed.** Appellate court is bound by a jury finding, where there is ample testimony to support it.

3. ———: **Cause Not Reversed for Harmless Error.** Appellate court is not permitted, under the statute, to reverse a case for erroneous admission of testimony, which, if erroneous, was harmless.

Appeal from the Circuit Court of Jasper County.—*Hon. Grant Emerson,* Judge.

AFFIRMED.

*Leslie M. Rice* and *Owen & Davis* for appellant.

*Leo H. Johnson* and *Ray Bond* for respondent.

FARRINGTON, J.—The plaintiff, a tombstone dealer, brought this suit against the defendant for a balance of $280, alleged to be due on the purchase price of a tombstone erected at the grave of defendant's husband in the Neosho Cemetery. The plaintiff alleges that the contract price which was agreed upon was $300, and that $100 of the purchase price was paid after the work had been completed. The plaintiff's testimony tends to show that the work was done as required by the contract and that the amount sued for was the balance due and owing. The contract provided for the delivery of "Granite Barre, No. of design 520," with other description as to size of base and die set forth in the contract which it is immaterial to specify here.

The defendant answered, setting up that when she went to purchase the monument there was displayed to her a perfect dark Barre granite, of uniform color and quality, free from imperfections and irregularities and having no discloration thereon, but that the stone displayed to her when she went to purchase was of different finish and smaller than she desired to buy and there was shown her a photographic design, No. 520, a sample of the size and finish of the monument that was agreed upon in the purchase. In addition to this the defendant set up in the answer that the plaintiff stated and represented that "he would furnish her a perfect dark Barre monument, that it would be free from all imperfections and irregularities and of similar size and finish to said design No. 520." The answer set up that thereupon at

plaintiff's request she signed the printed blank. The answer made by her further sets up the fact that the monument delivered, when inspected by her in December, 1919, was not of the quality ordered, was not a perfect Barre granite; that there were defects on the face and back of the monument; that the same was irregular in color and quality, and was discolored, and that she called plaintiff's attention to same and he represented that it was probably due to some rust which came off the crating and which could be removed without injury to the monument, and that the imperfections and irregularities in quality and color were due to absorption of moisture and would all clear up and the monument would be without imperfections and irregularities of any kind. That upon said representations she paid $100 on the purchase price of the monument. She further alleges that the monument was worthless and of no value whatever to her in the condition in which it was delivered; and then in the form of a counterclaim she asks for a return of the $100 paid under the contract.

The jury found for the defendant both on plaintiff's petition and on the defendant's counterclaim, and it is the contention of the plaintiff, who is the appellant here, that grievous error was committed by the trial court in permitting the defendant to testify that the plaintiff represented that the stone would be a perfect dark Barre granite, free from imperfections, marks or discolorations. This assignment of error, of course, is based on the ground, first, that the contract was one that falls within the Statute of Frauds, and that the representations sworn to by the defendant amounted to a warranty which was not contained in the written contract. Second, that even though the contract was one which would not fall within the Statute of Frauds, to permit such testimony to be introduced in evidence would violate the common law of evidence that oral testimony will not be permitted to vary, alter or change the terms of a written contract. Attorneys for both appellant and respondent

have submitted briefs dealing entirely with the question and citing cases in support of their contentions. We, however, take the view that under the facts of this case, admitting that it was improper to permit this evidence to go before the jury, it was harmless error, and our reasons for this we think will be apparent as we now state the facts upon which this opinion is based. Both plaintiff and defendant admitted that the order was made for a monument and the price is agreed upon. The order calls for a granite Barre, No. of design 520. They both admitted that design No. 520 is a photograph of a monument which shows its finish and size. The plaintiff claims that when defendant came to his shop on the day the contract was entered into he showed her the monument that he sold her and the one which he delivered to her, and his testimony and that of his witnesses goes to show that it was a dark Barre granite monument, free from discoloration and marks. In other words, the plaintiff's claim is that the defendant purchased a monument from him which was shown to her at the time she purchased it, and it was delivered to her and placed in the cemetery in the condition it was in when it was shown to her and sold in his shop. The defendant and her witnesses testified quite at variance to this state of facts. Her testimony is to the effect that the plaintiff did not have the size monument she wanted to buy, but that he showed her a photograph of a monument for the purpose of showing the size and finish thereof, and then took her to the store room in his shop and showed her a dark Barre granite monument which was a sample only of what she was to buy, and that the actual monument which he showed her in the storeroom was smaller than she wanted to purchase. That the sample was free from discolorations, marks and imperfections. They both agree that the monument shown her in the shop on the date of the purchase was a dark Barre granite, free from discoloration and marks of any kind, but they disagree as to whether the monument which was shown her was the

monument which she bought. The plaintiff contends
that it was the actual stone bought and delivered, and
the defendant contends that it was not the stone bought
and delivered and was not intended to be the stone she
was to receive but merely a sample of the character of
granite that the larger size she was buying was to be.

If the monument which was exhibited to her at the
time of the purchase was a dark Barre granite, free from
marks and discoloration, which both plaintiff and de-
fendant say it was, then evidence introduced by the de-
fendant that the plaintiff represented to her that the
monument that would be delivered to her would be a
dark Barre granite, free from discoloration and imper-
fections, and perfect, could in no way be regarded as
harmful error in the trial of the case.

The real issues of fact in this case, as shown by the
whole record, consist, first, of the contention of the plain-
tiff that he actually delivered the stone that defendant
saw in his shop, and that the one in his shop, when shown
to her, was free from marks and discoloration, and that
the one delivered at the cemetery was free from marks
and discoloration and was a dark Barre granite, which
contention was controverted by the defendant to the ef-
fect that she never saw the stone she was to buy while
in plaintiff's shop but was merely a sample of the dark
Barre granite which was free from marks and imper-
fections, and that the one which was delivered to her at
the cemetery, and for which the purchase money is de-
manded, was a stone with discoloration, marks and im-
perfections.

When the plaintiff admitted, as shown by the addi-
tional abstract filed in this court, that the stone which he
exhibited to defendant when the contract was entered
into was free from marks and discoloration, and when it
was shown by both parties that the exhibition of the
stone at the time the contract was entered into formed a
part of the consideration of the contract, he will not be
heard to say that his case is harmed by defendant merely

stating that he represented the stone to be free from imperfections and discolorations when she was induced to sign the contract. There was nothing in her testimony as to what he represented that went farther into the character of the monument that she was to receive and became a warranty than did the exhibition of what she says was a sample of, and what he testified was the actual monument delivered. If the monument exhibited by the plaintiff to the defendant at the time of the purchase contained no marks or imperfections, then there was in fact by the exhibition of such a monument a representation that what she was buying would be like that, and the whole question in the case resolves itself to the issue of whether the monument actually delivered conformed to that which they both say was the character of the monument shown at the date the contract was entered into. There was evidence both ways on this proposition, and the jury found that the monument delivered was not the character of monument which the defendant purchased. We are bound by this finding, because there is ample testimony to support it and we are not permitted under the statute to reverse a case for the erroneous admission of testimony, which admission the record shows, if erroneous, was harmless to say the least. For this reason, the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.